UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
NEWARK VICINAGE

| IN RE COGNIZANT TECHNOLOGY SOLUTIONS CORPORATION DERIVATIVE LITIGATION | 2:17-cv-01248-KM-CLW |
|---|---|

**STIPULATION AND [PROPOSED] ORDER TO STAY PROCEEDINGS**

WHEREAS, on July 7, 2020, this Court entered the Stipulation and Order Granting Extension of Schedule for Consolidated Complaint and Response (the "July 7 Order"), in the above-captioned action (the "Consolidated Derivative Action");

WHEREAS, the July 7 Order provided that Defendants and nominal defendant Cognizant Technology Solutions Corporation ("Cognizant") shall have sixty (60) days from the filing and service of a consolidated complaint or the designation of an existing complaint to serve as the operative complaint in the Consolidated Derivative Action to move to continue the stay or to answer, move to dismiss, or otherwise respond in the Consolidated Derivative Action;

WHEREAS, the July 7 Order also provided that if any Defendant or nominal defendant Cognizant moves to continue the stay, the Consolidated Derivative Action shall remain stayed pending a decision by the Court on such motion to stay, and that if the Court declines to continue the stay, then Defendants and nominal defendant Cognizant shall have thirty (30) days from the date of any such decision by the Court to answer, move to dismiss, or otherwise respond in the Consolidated Derivative Action;

WHEREAS, the July 7 Order also provided that if Defendants or nominal defendant Cognizant move to dismiss the Consolidated Derivative Action, Lead Plaintiffs shall have thirty (30) days to file and serve oppositions, if any, to any such motions to dismiss, and that Defendants

and nominal defendant Cognizant shall then have thirty (30) days from filing and service of any such oppositions to file and serve reply briefs, if any;

WHEREAS, on August 3, 2020, Lead Plaintiffs filed a First Amended Consolidated Verified Shareholder Derivative Complaint (the "First Amended Complaint");

WHEREAS, on July 24, 2020, prior to the filing of the First Amended Complaint, the Honorable Cathy L. Waldor entered an order staying discovery in the related securities class action, captioned *In re Cognizant Technology Solutions Corporation Securities Litigation*, No. 2:16-cv-06509-ES-CLW (the "Securities Class Action"), through the conclusion of certain criminal proceedings, captioned *United States v. Gordon J. Coburn and Steven Schwartz*, No. 2:19-cr-00120-KM (the "Criminal Case");

WHEREAS, the operative second amended complaint in the Securities Class Action arises out of similar transactions and events and makes similar factual allegations to the First Amended Complaint; and

WHEREAS, Lead Plaintiffs, Defendants, and nominal defendant Cognizant (the "Parties") have met and conferred and agree that it is in the interest of judicial and litigant economy to temporarily stay the Consolidated Derivative Action during the time that discovery is stayed in the Securities Class Action;

THEREFORE, IT IS HEREBY STIPULATED AND AGREED, by and among the respective Parties hereto, that:

1. All proceedings in the Consolidated Derivative Action shall be stayed through the earlier of the conclusion of the Criminal Case or November 1, 2021.

2. Defendants and nominal defendant Cognizant shall have forty-five (45) days from the conclusion of the Criminal Case to move to continue the stay or to answer, move to dismiss, or otherwise respond in the Consolidated Derivative Action.

3. If any Defendant or nominal defendant Cognizant moves to continue the stay, the Consolidated Derivative Action shall remain stayed pending a decision by the Court on such motion to stay. If the Court declines to continue the stay, then Defendants and nominal defendant Cognizant shall have forty-five (45) days from the date of any such decision by the Court to answer, move to dismiss, or otherwise respond in the Consolidated Derivative Action.

4. If Defendants or nominal defendant Cognizant move to dismiss the Consolidated Derivative Action, Lead Plaintiffs shall have forty-five (45) days to file and serve oppositions, if any, to any such motions to dismiss. Defendants and nominal defendant Cognizant shall then have thirty (30) days from filing and service of any such oppositions to file and serve reply briefs, if any.

5. Upon Lead Plaintiffs' agreement to be bound by any confidentiality agreement or order governing the documents produced in the Securities Class Action, or if Lead Plaintiffs cannot become parties to any confidentiality agreement or order entered in the Securities Class Action, upon the Parties' entry into a separate, reasonable confidentiality agreement, Cognizant will provide Lead Plaintiffs with all documents produced by Cognizant in the Securities Class Action during the time that the Consolidated Derivative Action is stayed pursuant to this Stipulation.

6. Lead Plaintiffs may not use, or otherwise rely upon, any non-public discovery information (including, but not limited to, documents) produced pursuant to this Stipulation for any purpose, including for purposes of amending any complaint in the Consolidated Derivative Action, opposing any motion(s) to dismiss or motion(s) to terminate that may be filed in the

Consolidated Derivative Action, or seeking any discovery related to any special litigation committee that may be formed, unless and until the Consolidated Derivative Action proceeds into full merits discovery. After the conclusion of the Criminal Case and if the stay of the Consolidated Derivative Action is lifted, Lead Plaintiffs may petition the Court for good cause to use non-public discovery information that they received during the period of the stay to amend the First Amended Complaint if that information shows that, at the time that Cognizant's 2014 and 2015 Sustainability Reports were published, Cognizant's Board of Directors had knowledge of an alleged scheme in India involving Defendants Coburn and Schwartz that was designed to secure government construction-related permits and operating licenses for Cognizant by making improper payments to foreign officials. Lead Plaintiffs shall file any such petition under seal pursuant to Local Civil Rule 5.3.

7. If a petition filed by Lead Plaintiffs under Paragraph 6 of this Order is granted, Lead Plaintiffs shall treat the non-public discovery information that they are permitted to use as "Confidential" pursuant to any confidentiality agreement or order governing the documents produced in the Securities Class Action and as "Confidential Information" pursuant to the May 1, 2020, Confidentiality Agreement between Cognizant and John Lautzenheiser (the "Confidentiality Agreement"), and any amended complaint that Lead Plaintiffs file shall be filed under seal in accordance with Paragraph 7 of the Confidentiality Agreement.

8. Lead Plaintiffs and Lead Plaintiffs' counsel agree that any amended complaint filed by either Lead Plaintiffs or Lead Plaintiffs' counsel arising out of, relating to, involving, or in connection with any non-public discovery information produced by Cognizant pursuant to this Order shall be deemed to incorporate by reference the entirety of the non-public discovery information produced by Cognizant pursuant to this Order.

9.      Defendants expressly reserve all defenses and objections that they may have in the Consolidated Derivative Action, including, without limitation, any and all jurisdictional, venue, or forum-related defenses and objections, defenses and objections based on the plaintiffs' failure to make a demand on Cognizant's Board of Directors before filing their shareholder derivative complaints, and any and all other defenses and objections to the complaints filed in those actions or the Consolidated Derivative Action.

10.     The terms of this Stipulation may be modified or amended by mutual consent of the Parties, subject to the approval of the Court.

October 16, 2020

| | |
|---|---|
| **COHN, LIFLAND, PEARLMAN, HERRMANN & KNOPF LLP** | **GOODWIN PROCTER LLP** |
| /s/ Matthew F. Gately | /s/ Charles A. Brown |
| MATTHEW F. GATELY | BRIAN E. PASTUSZENSKI (*pro hac vice*) |
| PETER S. PEARLMAN | DANIEL ROESER (*pro hac vice*) |
| 250 Pehle Avenue, Suite 401 | CHARLES A. BROWN |
| Saddle Brook, NJ 07663 | The New York Times Building |
| Telephone: (201) 845-9600 | 620 Eighth Avenue |
| mfg@njlawfirm.com | New York, NY 10018 |
| psp@njlawfirm.com | Telephone: (212) 813-8800 |
| | bpastuszenski@goodwinlaw.com |
| **ROBBINS GELLER RUDMAN & DOWD LLP** | droeser@goodwinlaw.com |
| BENNY C. GOODMAN III | cbrown@goodwinlaw.com |
| ERIK W. LUEDEKE | |
| 655 West Broadway, Suite 1900 | *Counsel for Defendants Francisco D'Souza, John E. Klein, Zein Abdalla, Maureen Breakiron-Evans, Jonathan Chadwick, John N. Fox, Jr., Leo S. Mackay, Jr., Michael Patsalos-Fox, Robert E. Weissman, Lakshmi Narayanan, Thomas M. Wendel, Karen McLoughlin, Ramakrishnan Chandrasekaran, Rajeev Mehta, and Nominal Defendant Cognizant Technology Solutions Corporation* |
| San Diego, CA 92101 | |
| Telephone: (619) 231-1058 | |
| bgoodman@rgrdlaw.com | |
| eluedeke@rgrdlaw.com | |
| | |
| **FEDERMAN & SHERWOOD** | |
| WILLIAM B. FEDERMAN | |
| 10205 North Pennsylvania Avenue | |
| Oklahoma City, OK 73120 | **TANENBAUM KEALE LLP** |
| Telephone: (405) 235-1560 | /s/ James Holsey Keale |
| wbf@federmanlaw.com | JAMES HOLSEY KEALE |
| | 100 Mulberry Street, Suite 1301 |
| *Lead Counsel for Plaintiffs* | Newark, NJ 07102 |
| | Telephone: (973) 242-0002 |
| | kbarrett-callahan@tktrial.com |
| | |
| | **JONES DAY** |
| | ROBERT C. MICHELETTO |
| | NINA YADAVA |
| | 250 Vesey Street |
| | New York, NY 10281 |
| | Telephone: (212) 326-3939 |
| | rmiche1etto@jonesday.com |
| | nyadava@jonesday.com |
| | |
| | *Counsel for Defendant Gordon J. Coburn* |

**PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP**

 /s/ Theodore V. Wells, Jr.
THEODORE V. WELLS, JR.
ANDREW J. EHRLICH
ALISON R. BENEDON
1285 Avenue of the Americas
New York, NY 10019-6064
Telephone: (212) 373-3166
twells@paulweiss.com
aehrlich@paulweiss.com
abenedon@paulweiss.com

*Counsel for Defendant Steven E. Schwartz*

**PURSUANT TO STIPULATION, IT IS SO ORDERED.**

DATED: _____, 2020      _____
                                                                            HON. KEVIN MCNULTY
                                                                            UNITED STATES DISTRICT JUDGE