PAUL, WEISS, RIFKIND,
WHARTON & GARRISON LLP
Theodore V. Wells, Jr.
Andrew J. Ehrlich (*pro hac vice* forthcoming)
Alison R. Benedon
1285 Avenue of the Americas
New York, NY 10019
Tel: (212) 373-3000
twells@paulweiss.com
aehrlich@paulweiss.com
abenedon@paulweiss.com

Matthew Stachel (*pro hac vice* forthcoming)
500 Delaware Avenue
Wilmington, DE 19801
mstachel@paulweiss.com

*Counsel for Defendant Steven E. Schwartz*

[Additional counsel appear on signature page]

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **IN RE COGNIZANT TECHNOLOGY SOLUTIONS CORPORATION DERIVATIVE LITIGATION** | No. 2:17-cv-01248-KM-CLW<br><br>Hon. Kevin McNulty |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS
GORDON COBURN AND STEVEN SCHWARTZ'S MOTION TO
DISMISS THE FIRST AMENDED CONSOLIDATED VERIFIED
<u>SHAREHOLDER DERIVATIVE COMPLAINT</u>**

# **TABLE OF CONTENTS**

PRELIMINARY STATEMENT ............................................................... 1

ARGUMENT ....................................................................................... 3

I.   PLAINTIFFS CANNOT ALLEGE A *CAREMARK* CLAIM
     AGAINST COBURN AND SCHWARTZ ....................................... 3

II.  PLAINTIFFS FAIL TO STATE A CLAIM FOR CORPORATE
     WASTE.................................................................................... 6

III. PLAINTIFFS FAIL TO STATE A CLAIM FOR UNJUST
     ENRICHMENT .......................................................................... 9

IV.  PLAINTIFFS FAIL TO PLEAD CONTRIBUTION AND
     INDEMNIFICATION CLAIMS UNDER STATE OR FEDERAL
     LAW ...................................................................................... 13

     A.   All Contribution Claims are Barred by the PSLRA Contribution
          Bar ................................................................................. 13

     B.   The Section 21D Claim (Count IV) Fails As A Matter of Law .......... 15

     C.   Delaware Contribution Claims (Count V) Fails As A Matter of
          Law ................................................................................. 17

CONCLUSION ..................................................................................... 18

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Ashcroft* v. *Iqbal*,
  556 U.S. 662 (2009)....................................................................................9, 10

*In re Bridgeport Holdings, Inc.*,
  388 B.R. 548 (Bankr. D. Del. 2008)...................................................................5

*In re Capital One S'holder Litig.*,
  952 F. Supp. 2d 770 (E.D. Va. 2013) ........................................................11, 12

*In re Caremark Int'l Inc. Derivative Litig.*,
  698 A.2d 959 (Del. Ch. 1996) ...........................................................................4

*In re Cendant Corp. Sec. Litig.*,
  109 F. Supp. 2d 273 (D.N.J. 2000), *affirmed*, 264 F.3d 286 (3d Cir.
  2001) ................................................................................................................14

*In re Citigroup Inc. S'holder Derivative Litig.*,
  964 A.2d 106 (Del. Ch. 2009) ........................................................................5, 8

*In re Cognizant Tech. Sols. Corp. Sec. Lit.*,
  No. 16-cv-6509 (D.N.J.), ECF No. 165-3 ........................................................17

*Collins & Aikman Corp.* v. *Stockman*,
  Civ. No. 07-265, 2009 WL 1530120 (D. Del. May 20, 2009) ............................5

*DiBattista* v. *Greco*,
  Civil Action No. 20-590-RGA, No. 20-cv-590-RGA, 2021 WL
  327399 (D. Del. Jan. 31, 2021)........................................................................15

*In re Dow Chem. Co. Derivative Litig.*,
  No. CIV.A. 4349-CC, 2010 WL 66769 (Del. Ch. Jan. 11, 2010) .....................13

*In re DSI Renal Holdings, LLC*,
  574 B.R. 446 (Bankr. D. Del. 2017)...................................................................6

*Edgar* v. *MITE Corp.*,
  457 U.S. 624 (1982)...........................................................................................4

ii

*Espinoza* v. *Zuckerberg*,
    124 A.3d 47 (Del. Ch. 2015) ............................................................7, 9

*Fagin* v. *Gilmartin*,
    432 F.3d 276 (3d Cir. 2005) ................................................................4

*Fannin* v. *UMTH Land Dev. L.P.*,
    CV 16-641-SLR, 2016 WL 7042078 (D. Del. Dec. 2, 2016)............................10

*Frank* v. *Elgamal*,
    No. 6120-VCN, 2014 WL 957550 (Del. Ch. Mar. 10, 2014) ............................11

*Himbrick* v. *Dover Hosp. Grp., LLC*,
    No. CIV.A. 08C-05-035RBY, 2012 WL 2044343 (Del. Super. Ct.
    May 1, 2012) ........................................................................17

*Nemec* v. *Shrader*,
    991 A.2d 1120 (Del. 2010) ............................................................10

*New Zealand Kiwifruit Mktg. Bd.* v. *City of Wilmington*,
    825 F. Supp. 1180 (D. Del. 1993)......................................................18

*Pall* v. *KPMG, LLP*,
    No. 3:03CV00842, 2006 WL 2800064 (D. Conn. Sept. 29, 2006) ....................15

*In re Pfizer Inc. S'holder Derivative Litig.*,
    722 F. Supp. 2d 453 (S.D.N.Y. 2010) ................................................12

*In re SFBC Int'l, Inc. Sec. & Derivative Litig.*,
    495 F. Supp. 2d 477 (D.N.J. 2007) ....................................................4

*Stone* v. *Ritter*,
    911 A.2d 362 (Del. 2006) ............................................................4, 5

*Tilden* v. *Cunningham*,
    No. 2017-0837-JRS, 2018 WL 5307706 (Del. Ch. Oct. 26, 2018) ....................12

*In re Verisign, Inc., Derivative Litig.*,
    531 F. Supp. 2d 1173 (N.D. Cal. 2007)................................................10

*In re Walt Disney Co. Derivative Litig.*,
    906 A.2d 27 (Del. 2006) ............................................................7, 8

*In re Wonderwork, Inc.*,
  611 B.R. 169 (Bankr. S.D.N.Y. 2020)...................................................6

*Xcell Energy & Coal Co., LLC* v. *Energy Inv. Grp.*,
  LLC, No. CIV.A. 8652-VCN, 2014 WL 2964076 (Del. Ch. June
  30, 2014) ...............................................................................6

**Statutes**

15 U.S.C. 78u-4(f)(8)....................................................................16

15 U.S.C. § 78u-4(f)(2)(A) .......................................................14, 15, 16

DE Code § 6302(b) .......................................................................18

Delaware General Corporation Law Section 141(a) ...........................................2, 4

Securities Exchange Act of 1934 Section 21D...................................13, 15, 16, 17

**Other Authorities**

Rule 12(b)(6).............................................................................1

Rule 23.1 ................................................................................1

Defendants Gordon Coburn ("Coburn") and Steven Schwartz ("Schwartz") respectfully submit this memorandum in support of their motion to dismiss the First Amended Consolidated Verified Shareholder Derivative Complaint (the "Complaint").

## PRELIMINARY STATEMENT

As a preliminary matter, Coburn and Schwartz dispute the entire premise of this stockholder derivative action, and are vigorously defending against related criminal charges.  Nevertheless, taking Plaintiffs' allegations as true as they must for purposes of this motion, this derivative action should be dismissed against Coburn and Schwartz pursuant to Rule 23.1 and substantive Delaware law, for all the reasons stated in the brief filed today by Cognizant, as to which Coburn and Schwartz join.  The five claims asserted against Coburn and Schwartz should further be dismissed, pursuant to Rule 12(b)(6), as each claim overreaches as a matter of law and seeks to impose duties on them, or pursue remedies from them, where none is available.

First, the claim for breach of fiduciary duty (Count I) is styled as a *Caremark* claim under Delaware law, asserting that defendants purportedly failed in their oversight obligations in connection with certain Sustainability Reports and the compliance matters they concern.  But under established Delaware law, such a claim is properly asserted only against members of the corporation's board of directors,

1

not corporate officers like Coburn and Schwartz.  The duty to monitor under *Caremark* stems from directors'—not officers'—statutory responsibility under Section 141(a) of the Delaware General Corporation Law to manage the "business and affairs" of the corporation.  In any event, as set forth in Cognizant's brief, the Complaint itself rebuts *Caremark* liability by acknowledging a "plethora" of existing compliance measures that doom the claim and fail to show that the directors consciously disregarded red flags.

Second, Plaintiffs' corporate waste claim (Count II) overreaches for similar reasons.  Like the *Caremark* claim, it is cognizable only against directors, not officers.  And like the *Caremark* claim, even if it were cognizable against Coburn and Schwartz, the pleading is entirely deficient.  The Complaint's waste claim centers around supposedly improper compensation paid to Coburn and Schwartz, but of course they were not responsible for determining or approving their own compensation.  Moreover, the requisite allegation that Cognizant received "no" consideration for such ordinary-course salary payments is entirely conclusory and totally devoid of any factual support.

Third, Plaintiffs' unjust enrichment claim (Count III) should be dismissed for similar reasons as the corporate waste claim.  The alleged unjust enrichment is Coburn and Schwartz's receipt of their ordinary compensation, but that cannot, as a

matter of law, state a claim for unjust enrichment.  Nor do Plaintiffs plead any facts to suggest that there was no justification for such compensation.

Finally, the two claims for contribution and indemnification (Counts IV & V) pertaining to a securities class action arising out of related factual allegations should be dismissed under federal law.  All of the defendants in that case, which include Cognizant, Coburn, and Schwartz, have now settled without any finding or admission of liability.  The Private Securities Litigation Reform Act of 1995 makes clear—and the Third Circuit has recognized—that upon settlement of a securities class action of the kind at issue here, claims for contribution are extinguished.  For this reason, as well as others discussed below, the contribution and indemnification claims, like the others, should be dismissed.

## ARGUMENT

## I.  PLAINTIFFS CANNOT ALLEGE A *CAREMARK* CLAIM AGAINST COBURN AND SCHWARTZ

Plaintiff's breach of fiduciary duty claim should be dismissed because it is a *Caremark* claim that can be asserted only against directors, not officers like Coburn and Schwartz.

In Count I, Plaintiffs accuse all of the defendants of violating their fiduciary duties because "while under their stewardship . . . Cognizant issued the 2014 and 2015 Sustainability Reports, which lacked a reasonable factual basis when issued." Compl. ¶ 99 (ECF No. 37).  This is, in essence, a lack of oversight claim, or a claim

3

for an "alleged failure to take any action to remedy the numerous problems plaguing [the company]." *In re SFBC Int'l, Inc. Sec. & Derivative Litig.*, 495 F. Supp. 2d 477, 484 (D.N.J. 2007).  This type of claim is known as a *Caremark* claim under Delaware law, and is described as "possibly the most difficult theory in corporation law upon which a plaintiff might hope to win." *In re Caremark Int'l Inc. Derivative Litig.*, 698 A.2d 959, 967 (Del. Ch. 1996).[1]  To state a *Caremark* claim, a plaintiff must allege with particularity that (i) "the directors utterly failed to implement any reporting or information system or controls"; or (ii) "having implemented such a system or controls, [the directors] consciously failed to monitor or oversee its operations thus disabling themselves from being informed of risks or problems requiring their attention." *Stone* v. *Ritter*, 911 A.2d 362, 370 (Del. 2006).

But Plaintiffs cannot assert a *Caremark* claim against Coburn or Schwartz—Cognizant's former President and former Chief Legal Officer, respectively (*see* Compl. ¶¶ 33, 34)—because such claims can be asserted only against directors, not

---

[1] Under the internal affairs doctrine, Delaware law applies to the claim for breach of fiduciary duty given that Cognizant is incorporated in Delaware. *See Edgar* v. *MITE Corp.*, 457 U.S. 624, 645 (1982) ("The internal affairs doctrine is a conflict of laws principle which recognizes that only one State should have the authority to regulate a corporation's internal affairs—matters peculiar to the relationships among or between the corporation and its current officers, directors, and shareholders . . . ."); *Fagin* v. *Gilmartin*, 432 F.3d 276, 282 (3d Cir. 2005) ("Under New Jersey's choice-of-law rules, the law of the state of incorporation governs internal corporate affairs.") (citing *Brotherton* v. *Celotex Corp.*, 493 A.2d 1337, 1339 n. 1 (N.J. Super. Ct. Law Div. 1985).

officers. *In re Bridgeport Holdings, Inc.*, 388 B.R. 548, 574 (Bankr. D. Del. 2008) ("[U]nder Delaware law, this [*Caremark*] theory of liability typically applies to directors, and not to officers."). The Delaware General Corporation Law expressly vests the management and affairs of the corporation in its board of directors. 8 *Del. C.* § 141(a); *Stone*, 911 A.2d at 365 ("[W]e hold that Caremark articulates the necessary conditions for assessing *director* oversight liability.") (emphasis added); *In re Citigroup Inc. S'holder Derivative Litig.*, 964 A.2d 106, 125 (Del. Ch. 2009) ("The Delaware Supreme Court made clear in *Stone* that directors of Delaware corporations have certain responsibilities to implement and monitor a system of oversight . . . ."). The responsibility for implementing and monitoring compliance systems thus belongs to the board alone. For this reason, *Caremark* claims cannot be asserted against officers acting in their capacities as officers, *see Collins & Aikman Corp.* v. *Stockman*, Civ. No. 07-265, 2009 WL 1530120, at *24 (D. Del. May 20, 2009) (holding that "the *Caremark* theory of liability d[id] not apply" to officers who were sued in their capacities as officers), *report and recommendation adopted in relevant part, rejected in part on other grounds by* 2009 WL 3153633 (D. Del. Sept. 30, 2009), and Plaintiffs' breach of fiduciary duty claim fails as against Coburn and Schwartz.

Further, and in any event, the Complaint fails to set forth a *Caremark* violation as to any defendant, as set forth in Argument Section I.A.1 of Cognizant's brief. The

documents incorporated by reference in the Complaint show, and Plaintiffs themselves concede, that Cognizant had "a plethora of formal policies" and "anti-corruption/bribery controls" in place, and the Board received numerous reports concerning those controls.  Compl. ¶¶ 53, 60–64.  Plaintiffs therefore have not alleged the sort of total abdication of the Board oversight role as would give rise to a *Caremark* claim.  *See Stone*, 911 A.2d at 370.

## II.   PLAINTIFFS FAIL TO STATE A CLAIM FOR CORPORATE WASTE

Plaintiffs fare no better on their corporate-waste claim against Coburn and Schwartz given that they were officers of the Company, not members of its board of directors.  Again, only *directors*, not *officers*, may be liable for corporate waste under Delaware law.  *See, e.g.*, *In re DSI Renal Holdings, LLC*, 574 B.R. 446, 476 (Bankr. D. Del. 2017) (stating that the court had identified no "cases in which the Delaware courts have determined that officers . . . could be liable for corporate waste"); *In re Wonderwork, Inc.*, 611 B.R. 169, 207 (Bankr. S.D.N.Y. 2020) ("[A] claim for waste will not lie against an officer as only directors may be liable for waste under Delaware law.").[2]  For this reason alone, Plaintiffs' claim for corporate waste against Coburn and Schwartz should be dismissed.

---

[2] Delaware law applies to Plaintiffs' corporate waste claim because it concerns Cognizant's internal affairs.  *See, e.g.*, *Xcell Energy & Coal Co., LLC* v. *Energy Inv. Grp.*, LLC, No. CIV.A. 8652-VCN, 2014 WL 2964076, at *5 (Del. Ch. June 30,

Even if a corporate-waste claim could lie against officers, moreover, Plaintiffs would still fail to state a claim against Coburn and Schwartz.  A corporate-waste claim comes into play where "a plaintiff . . . fails to rebut the business judgment rule presumptions" as to a particular transaction.  *In re Walt Disney Co. Derivative Litig.*, 906 A.2d 27, at 73–74 (Del. 2006).  Such a plaintiff "is not entitled to any remedy *unless* the transaction constitutes waste."  *Id.* at 74 (emphasis added).  This is an exceedingly narrow exception.  "To recover on a claim of corporate waste, the plaintiffs must shoulder the burden of proving that [an] exchange was 'so one sided that no business person of ordinary, sound judgment could conclude that the corporation has received adequate consideration.'"  *Id.* (citation omitted).  This "onerous" standard can "only" be met "in the rare, 'unconscionable case where directors irrationally squander or give away corporate assets.'"  *Id.*; *see also Espinoza* v. *Zuckerberg*, 124 A.3d 47, 67 (Del. Ch. 2015) ("The test for waste is extreme and rarely satisfied.").

Plaintiffs' one-paragraph allegation is that *all* defendants "wasted Cognizant's valuable corporate assets by, among other things, causing the Company to pay improper compensation, including cash, fees, stock awards, and other compensation, to themselves and other Cognizant insiders who breached their fiduciary duties of

---

2014) ("claims implicating an entity's internal affairs include . . . [a claim for] waste").

loyalty, candor, and good faith owed to Cognizant"—and "Cognizant received no consideration from these improper payments."  Compl. ¶ 102.  That bare allegation does not make out a corporate-waste claim for at least two separate reasons.

To start, corporate waste only occurs when directors "irrationally squander or give away corporate assets."  *In re Walt Disney Co. Derivative Litig.*, 906 A.2d at 74.  But Plaintiffs allege the exact *opposite* as to Coburn and Schwartz.  Plaintiffs claim only that Coburn and Schwartz *received* "improper compensation," not that they made the decision to award executive compensation and stock options.  Compl. ¶ 102.  Indeed, it is well-settled Delaware law that "[t]he *directors* of a Delaware corporation [that] have the authority and broad discretion to make executive compensation decisions," not the officers.  *See, e.g.*, *Citigroup*, 964 A.2d at 138 (emphasis added).  There is nothing to Plaintiffs' unadorned claim that Coburn and Schwartz somehow "caused" compensation decisions undisputedly made by *directors* and thereby wasted corporate assets.

In addition, there is no well-pleaded allegation in the Complaint to support that "no business person of ordinary, sound judgment could conclude that the [Company] . . . received adequate consideration'" in exchange for the allegedly improper compensation.  *In re Walt Disney Co. Derivative Litig.*, 906 A.2d at 74. The Complaint has exactly three sentences on this point: two virtually identical sentences stating that portions of Coburn and Schwartz's "salary, stock and other

incentive-based compensation [were] not justified by the Company's performance while under [their] stewardship," and one sentence stating that "Cognizant received no consideration from these improper payments.  Compl. ¶¶ 33, 34, 102.

These are textbook examples of "legal conclusion[s] couched as . . . factual allegation[s]" that this Court is "not bound to accept as true." *Ashcroft* v. *Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted).  Indeed, the statement that the Company "received no consideration" is just a "formulaic recitation of [one] element[]" of a company-waste claim.  *Id.* at 681 (citation omitted). [3]

For these reasons also, the corporate-waste claim against Coburn and Schwartz never gets off the ground, and it should be dismissed.

## III.   PLAINTIFFS FAIL TO STATE A CLAIM FOR UNJUST ENRICHMENT

Plaintiffs' unjust enrichment claim against Coburn and Schwartz is equally deficient.  Plaintiffs allege that all defendants (again, declining to distinguish among defendants) were unjustly enriched by receiving "payments and benefits" related to "their wrongful acts and omissions."   Compl. ¶¶ 104, 105.  All this was "at the

---

[3] And, in any event, the allegations would not be sufficient even if they were assumed true.  *See, e.g., Espinoza*, 124 A.3d at 67 ("Such allegations are essentially complaints that some portion of [compensation] was above and beyond what [directors] deserved for their performance. . . .  Under this Court's precedents, allegations that compensation is 'excessive or even lavish, as pleaded here, are insufficient as a matter of law to meet the standard required for a claim of waste.'") (citation omitted).

expense of [the Company]," Plaintiffs say, and "[t]he Company received no benefit from these payments. *Id.* ¶ 105. This claim should be rejected out of hand.

First, Plaintiffs allege no more than a "formulaic recitation of" the definition of unjust enrichment under Delaware law. *Iqbal*, 665 U.S. at 681 (citation omitted).[4] "Unjust enrichment is 'the unjust retention of a benefit to the loss of another, or the retention of money or property of another against the fundamental principles of justice or equity and good conscience." *Nemec* v. *Shrader*, 991 A.2d 1120, 1130 (Del. 2010) (citation omitted). The first part of that definition comprises almost the entirety of Plaintiffs' barebones unjust enrichment allegations. *See* Compl. ¶¶ 104, 105. That problem alone warrants dismissal of Plaintiffs' unjust enrichment claim under *Iqbal*.

Second, Plaintiffs' unjust-enrichment allegations are duplicative of their breach-of-fiduciary allegations. *Compare* Compl. ¶ 104 *with id.* ¶ 99 (expressly basing their unjust enrichment claim on defendants' alleged "wrongful acts and omissions," which appear five paragraphs earlier in Plaintiffs' breach-of-fiduciary

---

[4]  Delaware law applies to the claim for unjust enrichment. *In re Verisign, Inc., Derivative Litig.*, 531 F. Supp. 2d 1173, 1214–15 (N.D. Cal. 2007) (finding that the law of the state of incorporation applied to causes of action that implicated the company's internal affairs, including unjust enrichment); *see also Fannin* v. *UMTH Land Dev. L.P.*, CV 16-641-SLR, 2016 WL 7042078 (D. Del. Dec. 2, 2016) ("Liability will typically be imposed upon directors under [the internal affairs doctrine] . . . for such matters as . . . unlawfully profiting at the corporation's expense") (quoting Restatement (Second) of Conflict of Laws § 309, cmt. a).

allegations).  The Delaware Chancery Court "frequently treats duplicative fiduciary duty and unjust enrichment claims in the same manner when resolving a motion to dismiss."  *Frank* v. *Elgamal*, No. 6120-VCN, 2014 WL 957550, at \*31 (Del. Ch. Mar. 10, 2014).  Thus, "if the Court dismisses a fiduciary duty claim for failure to state a claim, then it very likely also dismisses a duplicative unjust enrichment claim."  *Id.* (citation omitted).  That is the proper course here given Plaintiffs' duplicative allegations.  Because Plaintiffs' breach-of-fiduciary claim against Coburn and Schwartz fails, *see supra* Section I, the unjust enrichment claim likewise must fail.

In any event, Plaintiffs have not adequately alleged the elements of an unjust enrichment claim.  "Under Delaware law, '[t]he elements of unjust enrichment are: (1) an enrichment, (2) an impoverishment, (3) a relation between the enrichment and impoverishment, (4) the absence of justification and (5) the absence of a remedy provided by law.'"  *In re Capital One S'holder Litig.*, 952 F. Supp. 2d 770, 783 (E.D. Va. 2013) (quoting *Jackson Nat'l Life Ins.* v. *Kennedy*, 741 A.2d 377, 393 (Del. Ch. 1999)).

Plaintiffs run into at least three problems in this regard.  For one thing, "the only enrichment alleged" is Coburn and Schwartz's "salaries, benefits, and unspecified bonuses"—yet "the mere retention of . . . ordinary compensation can[not] sustain an unjust enrichment claim."  *In re Pfizer Inc. S'holder Derivative*

11

*Litig.*, 722 F. Supp. 2d 453, 465–66 (S.D.N.Y. 2010) (applying Delaware law).  For another thing, "there are no facts pleaded that indicate any causal relationship between the illegal activities and defendants' ordinary compensation."  *Id.* at 466. Plaintiffs simply ask the Court to accept their say-so: "By their wrongful acts and omissions, Defendants . . . were unjustly enriched."  Compl. ¶ 104.  And for yet another reason, Plaintiffs "have also failed to allege facts that raise a plausible inference that there was no justification for defendants' compensation."  *In re Capital One S'holder Litig.*, 952 F. Supp. 2d at 783.  Again, Plaintiffs offer only their say-so: "Defendants . . . were unjustly enriched . . . without justification." Compl. ¶ 104.[5]

For all of these reasons, Plaintiffs' unjust-enrichment claim against Coburn and Schwartz falls far short of stating a claim for relief and must also be dismissed.

---

[5] Moreover, to the extent that Plaintiffs also claim that Coburn and Schwartz were unjustly enriched by alleged "profits" they made in certain unspecified stock sales, they fail to adequately allege any details about those specific sales, much less that those sales were wrongful.  Compl. ¶¶ 11, 33–34, 106.  Indeed, Plaintiffs have not alleged, as they are required to, that "*each sale* by each individual defendant was entered into and completed on" the basis of adverse material non-public information. *Tilden* v. *Cunningham*, No. 2017-0837-JRS, 2018 WL 5307706, at *19 (Del. Ch. Oct. 26, 2018) (quoting *Guttman* v. *Huang*, 823 A.2d 492, 505 (Del. Ch. 2003)). Nor could they; it is a  matter of public record that all sales by Coburn and Schwartz during the relevant period were made pursuant to Section 10b5-1 trading plans that guard against potential insider trading.  Thus, as demonstrated in Cognizant's brief, Plaintiffs have certainly failed to state a breach of fiduciary duty for purported insider trading, much less alleged facts about Coburn and Schwartz's trading behavior that would give rise to a claim for unjust enrichment.

## IV.   PLAINTIFFS FAIL TO PLEAD CONTRIBUTION AND INDEMNIFICATION CLAIMS UNDER FEDERAL OR STATE LAW

Plaintiffs' claims for contribution and indemnity arise out of the federal securities class action, *In re Cognizant Technology Solutions Corp. Securities Litigation*, No. 16-6509(ES) (the "Securities Action").[6]  Plaintiffs assert such claims under Section 21D of the Securities Exchange Act of 1934 (the "Exchange Act") (Count IV) and under common law (Count V).  Each of these claims fails.

### A.   All Contribution Claims are Barred by the PSLRA Contribution Bar

The parties to the Securities Action entered into a settlement agreement, which was finally approved by the court on December 20, 2021 and resulted in a final judgment.  (Securities Action, ECF 183.)  The judgment incorporates by reference the parties' Stipulation of Settlement.  (Securities Action, ECF 165-3.)  The Stipulation of Settlement resolves the claims asserted by the putative class against each of Cognizant, Coburn and Schwartz.

As such, by operation of the Private Securities Litigation Reform Act of 1995 ("PSLRA"), claims for contribution against Coburn and Schwartz, who were settling

---

[6] Plaintiffs appear also to seek contribution or indemnification for vague, unidentified claims the Company may have "by virtue of the bribery scheme." Compl. ¶ 116.  To the extent they do so, they cannot assert a right to contribution and indemnification for "unidentified claims that might be asserted in the future."  *In re Dow Chem. Co. Derivative Litig.*, No. CIV.A. 4349-CC, 2010 WL 66769, at *14 (Del. Ch. Jan. 11, 2010).

defendants, are extinguished. The settlement discharge provision of the PSLRA states: "A covered person who settles any private action at any time before final verdict or judgment *shall be discharged from all claims for contribution brought by other persons*." 15 U.S.C. § 78u-4(f)(7)(A) (emphasis added). Judge Walls addressed this issue directly in the context of the *Cendant* securities litigation, where a derivative plaintiff sought to intervene to object to a securities class action settlement, in order to protect a corporation's alleged "right" to contribution from settling co-defendants. *See In re Cendant Corp. Sec. Litig.*, 109 F. Supp. 2d 273, 279 (D.N.J. 2000), *affirmed*, 264 F.3d 286 (3d Cir. 2001). Judge Walls denied intervention, holding that "the right does not exist under the law—any such 'right' was eliminated by Congress through enactment of the PSLRA." *Id.* As both Judge Walls and the Third Circuit observed in *Cendant*, the PSLRA bar on both state and federal contribution claims does not leave derivative plaintiffs without a remedy: they may pursue breach of duty claims to the extent such claims have merit, including to amend their complaint to pursue claims for entering into a settlement harmful to the company, which Plaintiffs here, unsurprisingly, have failed to do.[7]

---

[7] Plaintiffs have failed to do so undoubtedly because such a claim would, if anything, have even less merit than the claims asserted in this Complaint. Among other things, Plaintiffs would need to plead demand was futile with respect to the board of directors that approved the settlement in 2021, as to which arguments for demand futility are, if possible, even more contrived than as to the defendant board named in the Complaint.

The operation of the PSLRA contribution bar should thus be the beginning and end of the matter as to both the federal and state law contribution and indemnity claims.

**B.     The Section 21D Claim (Count IV) Fails As A Matter of Law**

With respect to the claim for contribution under Section 21D of the Exchange Act, even if it were not extinguished by virtue of the settlement, it still fails as a matter of law.  Under Section 21D, defendants are only jointly and severally liable "if the trier of fact specifically determines that such covered person knowingly committed a violation of the securities laws." 15 U.S.C. § 78u-4(f)(2)(A); *see Pall* v. *KPMG, LLP*, No. 3:03CV00842, 2006 WL 2800064, at *3 (D. Conn. Sept. 29, 2006) ("Xerox only has a right to contribution against the KPMG Defendants if the trier of fact first finds that both that Xerox and KPMG are liable, and then 'specifically determines that [the KPMG Defendants] knowingly committed a violation of the securities laws.'" (quoting 15 U.S.C. § 78u–4(f)(2)(A)); *DiBattista* v. *Greco*, Civil Action No. 20-590-RGA, No. 20-cv-590-RGA, 2021 WL 327399, at *7 (D. Del. Jan. 31, 2021), *adopted*, 2021 WL 5061720 (D. Del. Feb. 17, 2021) ("Plaintiff only has a right to contribution if 'final judgment is entered' in the Securities Action against Greco, Okray and AAP, and if the trier of fact 'specifically determines that [those Defendants] knowingly committed a violation of the securities laws.'" (quoting 15 U.S.C. § 78u–4(f)(2)(A)).

Here, there has been no such determination and thus there is no contribution right.  The Securities Action was resolved in a judgment approving the class action settlement that did not find or admit any violation of law.  *See, e.g.*, Judgment, Securities Action, ECF No. 183 at ¶ 13 (providing that no defendant admits liability).  Thus, it is simple: no trier of fact has "specifically determine[d]" that defendants "knowingly committed a violation of the securities laws."   15 U.S.C. § 78u-4(f)(2)(A).  Absent such a finding, Plaintiffs can have no claim for contribution under Section 21D.

While Plaintiffs do not specify the portion of the statute pursuant to which they seek contribution, to the extent they seek to proceed under 15 U.S.C. 78u-4(f)(8), their claim fails for separate, additional reasons.  Under that section, the "covered person" seeking contribution must become "jointly and severally liable for damages" and only then may recover from "any other person who, if joined in the original action, would have been liable for the same damages." *Id*.  As demonstrated above, there was no joint and several liability established as to any defendant in the Securities Action.  Further, "[a] claim for contribution shall be determined based on the percentage of responsibility of the claimant and of each person against whom a claim for contribution is made." *Id.*  Here, under the settlement agreement, not only did the parties stipulate that there was no admission or finding of liability, but the agreement further provides that Coburn and Schwartz "shall have no responsibility

16

or liability to pay any portion of the Settlement Amount." Stipulation at ¶ 9, *In re Cognizant Tech. Sols. Corp. Sec. Lit.*, No. 16-cv-6509 (D.N.J.) (the "Securities Action"), ECF No. 165-3. As a claim for contribution is determined based on the "percentage of responsibility," and Coburn and Schwartz "have no responsibility or liability," Stipulation at ¶ 9, Securities Action, ECF No. 165-3, a claim for contribution under Section 21D necessarily fails as a matter of law.

### C. Delaware Contribution Claims (Count V) Fails As A Matter of Law

Even if not extinguished by the PSLRA, Plaintiffs' claim for contribution at common law likewise fails to state a claim. Delaware law provides that "[a] joint tortfeasor is not entitled to a money judgment for contribution until he or she has by payment discharged the common liability or has paid more than his or her pro rata share thereof." 10 DE Code § 6302(b). Here, there is no "common liability" because the Stipulation of Settlement expressly provides that "[t]he Individual Defendants [Coburn and Schwartz] shall have no responsibility or liability to pay any portion of the Settlement Amount," Stipulation, Securities Action, ECF No. 165-3 at ¶ 9, and the Settlement contained a "No Admissions" provision.[8]

---

[8] To the extent Plaintiffs attempt to plead a claim for indemnification under Delaware law, it fails for the same reasons. Plaintiffs cannot show that Coburn or Schwartz bear any common liability let alone "the entire burden of liability," which is necessary to sustain a claim for indemnification. *Himbrick* v. *Dover Hosp. Grp., LLC*, No. CIV.A. 08C-05-035RBY, 2012 WL 2044343, at *2 (Del. Super. Ct. May 1, 2012) ("Where the entire burden of liability shifts from one defendant to another,

There is additionally no allegation in Plaintiffs' complaint that Cognizant has paid more than its pro rata share.  Under Delaware law, "codefendants would only be entitled to any amount they may be required to pay to the plaintiff *beyond their pro rata share*." *New Zealand Kiwifruit Mktg. Bd.* v. *City of Wilmington*, 825 F. Supp. 1180, 1190 (D. Del. 1993) (emphasis in original). The Complaint has no such allegation, nor could it given all the facts and circumstances here.

## CONCLUSION

For all the foregoing reasons, as well as for the reasons set forth in Cognizant's memorandum of law in support of its motion to dismiss, the First Amended Consolidated Verified Shareholder Derivative Complaint should be dismissed in its entirety.

---

indemnification has been invoked.  On the other hand, where liability is shifted only proportionally with a sharing of the burden among the defendants contribution exists instead.") (citation omitted).

Dated:  February 14, 2022

Respectfully submitted,

/s/ Nina Yadava

/s/ Alison R. Benedon

**JONES DAY**
Robert C. Micheletto (*pro hac vice*)
Nina Yadava (*pro hac vice*)
Sarah D. Efronson (*pro hac vice*)
250 Vesey Street
New York, NY 10281
Tel: (212) 326-3939
Fax: (212) 755-7306
rmicheletto@jonesday.com
nyadava@jonesday.com
sefronson@jonesday.com

*Counsel for Defendant*
*Gordon J. Coburn*

**TANENBAUM KEALE LLP**
James Holsey Keale
Three Gateway Center, Suite 1301
100 Mulberry Street
Newark, NJ 07102
Tel: (973) 242-0002
Fax: (973) 242-8099
jkeale@tktrial.com

*Liaison Counsel for Defendant*
*Gordon J. Coburn*

**PAUL, WEISS, RIFKIND,**
**WHARTON & GARRISON LLP**
Theodore V. Wells, Jr.
Andrew J. Ehrlich
(*pro hac vice* forthcoming)
Alison R. Benedon
1285 Avenue of the Americas
New York, NY 10019
Tel: (212) 373-3000
twells@paulweiss.com
aehrlich@paulweiss.com
abenedon@paulweiss.com

Matthew Stachel
(*pro hac vice* forthcoming)
500 Delaware Avenue
Wilmington, DE 19801
(302) 655-4410
mstachel@paulweiss.com

*Counsel for Defendant*
*Steven E. Schwartz*

19