PAUL, WEISS, RIFKIND,
WHARTON & GARRISON LLP
Theodore V. Wells, Jr.
Andrew J. Ehrlich (*pro hac vice*)
Alison R. Benedon
1285 Avenue of the Americas
New York, NY 10019
Tel: (212) 373-3000
twells@paulweiss.com
aehrlich@paulweiss.com
abenedon@paulweiss.com

Matthew Stachel (*pro hac vice*)
500 Delaware Avenue
Wilmington, DE 19801
mstachel@paulweiss.com

*Counsel for Defendant Steven E. Schwartz*
[Additional counsel appear on signature page]

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **IN RE COGNIZANT TECHNOLOGY SOLUTIONS CORPORATION DERIVATIVE LITIGATION** | No. 2:17-cv-01248-KM-CLW<br><br>Hon. Kevin McNulty |

# REPLY MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS GORDON COBURN AND STEVEN SCHWARTZ'S MOTION TO DISMISS THE FIRST AMENDED CONSOLIDATED VERIFIED SHAREHOLDER DERIVATIVE COMPLAINT

# TABLE OF CONTENTS

PRELIMINARY STATEMENT. .................................................................... 1

ARGUMENT ............................................................................................. 3

I. PLAINTIFFS ABANDONED THEIR CAREMARK CLAIM AGAINST COBURN AND SCHWARTZ AND CANNOT SUCCEED ON AN UNPLEADED CLAIM FOR PURPORTEDLY MAKING FALSE STATEMENTS. ........................................................ 3

II. PLAINTIFFS HAVE ABANDONED THEIR CORPORATE WASTE CLAIM AGAINST COBURN AND SCHWARTZ. .................................... 7

III. PLAINTIFFS HAVE ABANDONED THEIR UNJUST ENRICHMENT CLAIM AGAINST COBURN AND SCHWARTZ.......... 9

IV. PLAINTIFFS' CLAIMS FOR CONTRIBUTION AND INDEMNIFICATION REMAIN IRRETRIEVABLY DEFECTIVE AND SHOULD BE DISMISSED. ............................................................ 10

CONCLUSION. ........................................................................................ 13

# TABLE OF AUTHORITIES

**Page**

**Cases**

*Clark* v. *Davenport*,
No. 2017-0839-JTL, 2019 WL 3230928 (Del. Ch. July 18, 2019) ....................... 6

*Com. of Pa. ex rel. Zimmerman* v. *PepsiCo, Inc.*,
836 F.2d 173 (3d Cir. 1988) ........................................................................... 4

*Depalma* v. *N.J. Turnpike Auth.*,
No. 20-cv-03210 (FLW), 2020 WL 6689800 (D.N.J. Nov. 13, 2020) ..................................................................................... 4, 8, 10

*Genworth Financial, Inc. Consolidated Derivative Litigation*,
No. 11901-VCS, 2021 WL 4452338 (Del. Ch. Sept. 29, 2021) ........................... 7

*Griglak* v. *CTX Mortg. Co., LLC*,
No. 09-cv-5247, 2010 WL 1424023 (D.N.J. Apr. 18, 2010) ..................... 4, 8, 10

*In re Caremark Int'l Inc. Derivative Litig.*,
698 A.2d 959 (Del. Ch. 1996) ........................................................ 1, 3, 4

*In re Cognizant Tech. Sols. Corp. Secs. Litig.*,
2018 WL 3772675 (D.N.J. Aug. 8, 2018) (Walls, J.) ........................................ 5

*In re Cognizant Tech. Sols. Corp. Secs. Litig.*,
2020 WL 3026564 (D.N.J. June 5, 2020) (Salas, J.) ......................................... 5

*Malone* v. *Brincat*,
722 A.2d 5 (Del. 1998) .................................................................. 1, 4, 5, 6

*Metro Commc'n Corp. BVI* v. *Advanced Mobilecomm Techs. Inc.*,
854 A.2d 121 (Del. Ch. 2004) ........................................................................ 6

*Wilkin ex rel. Orexigen Therapeutics, Inc.* v. *Narachi*,
No. 12412-VCMR, 2018 WL 1100372 (Del. Ch. Feb. 28, 2018) ........................ 6

*Winer Family Trust* v. *Trust*,
503 F.3d 319 (3d Cir. 2007) ........................................................................... 7

**Statutes**

15 U.S.C. 78u-4 .......... 2, 11

Securities Exchange Act of 1934 Section 21D .......... 11

## PRELIMINARY STATEMENT

The opening brief of Defendants Gordon Coburn ("Coburn") and Steven Schwartz ("Schwartz") demonstrated at length that Plaintiffs failed to state any cognizable claim for relief against them.[1] Tellingly, Plaintiffs' 40-page opposition completely ignores nearly all of the deficiencies Coburn and Schwartz identified. Where they do engage with Coburn and Schwartz's arguments, Plaintiffs simply invent new allegations nowhere found in their pleading, which is improper and should be disregarded.

Unable to dispute that *Caremark* claims can be asserted only against directors, not officers, Plaintiffs have abandoned their *Caremark* claim against Coburn and Schwartz. In an effort to save their fiduciary duty claims from dismissal, Plaintiffs' opposition attempts to plead what is known as a *Malone* claim under Delaware law for affirmative misstatements based on the 2014 and 2015 Sustainability Reports. But the Complaint does not allege any of the elements of a *Malone* claim, and Plaintiffs cannot amend their deficient pleading in their opposition brief. And even

[1] References to "Compl." refer to Plaintiffs' First Amended Consolidated Verified Shareholder Derivative Complaint (ECF No. 38); "Op. Br." to Coburn and Schwartz's opening brief in support of their motion to dismiss the Plaintiffs' First Amended Consolidated Verified Shareholder Derivative Complaint (ECF No. 62); "Ans. Br." to Plaintiffs' omnibus brief in opposition to Defendants' motions to dismiss (ECF No. 69).


if they could, their attempt would be deficient, as neither Coburn nor Schwartz are alleged to have had any involvement in preparing the Sustainability Reports—as two separate judges in this District have already held in sustaining arguments dismissing claims against Coburn and Schwartz related to these reports.

Plaintiffs have also completely abandoned their claims for corporate waste and unjust enrichment against Coburn and Schwartz.  Plaintiffs do not dispute that Coburn and Schwartz cannot be liable for corporate waste because they were not directors.  Nor could their receipt of their salaries and other benefits state a waste claim in any event.  Plaintiffs also fail to dispute that their unjust enrichment claim against Coburn and Schwartz fails because every alleged enrichment was their receipt of their standard compensation during the relevant time period.  The claim also fails because it is duplicative of Plaintiffs' deficient breach of fiduciary duty claim against Coburn and Schwartz.

Plaintiffs' contribution and indemnification claims under federal and Delaware law likewise fail.  In the face of ample authority demonstrating that Plaintiffs must identify a judgment or final decision showing that Coburn and Schwartz bear a "common liability" to any plaintiff along with Cognizant, Plaintiffs simply argue in a conclusory fashion that Coburn and Schwartz "share myriad liabilities" with Cognizant.  That is clearly deficient.  Plaintiffs similarly assert that the PSLRA is "not a complete litigation bar" in the absence of evidence that

Cognizant's insurance covered the entire cost of settling the securities class action. But they do not dispute that the Complaint fails to allege that Cognizant paid more than its pro rata share. In a desperate attempt to rescue their defective pleading, Plaintiffs pivot once again from the allegations in the Complaint, and attempt to hold Coburn and Schwartz liable for contribution and indemnification under Delaware law for purported investigation costs and expenses. But the Complaint very clearly seeks contribution or indemnification only in connection with the securities class action, and in any event, Coburn and Schwartz have not been adjudged jointly liable with Cognizant for any investigation costs or expenses.

For all of these reasons, as examined more fully below, the Complaint should be dismissed with prejudice as to Coburn and Schwartz for failure to state a claim against them.

## ARGUMENT

### I. PLAINTIFFS ABANDONED THEIR CAREMARK CLAIM AGAINST COBURN AND SCHWARTZ AND CANNOT SUCCEED ON AN UNPLEADED CLAIM FOR PURPORTEDLY MAKING FALSE STATEMENTS.

In addition to the defects set forth in Cognizant's opening brief, Coburn and Schwartz demonstrated at length that Plaintiffs failed to state a claim for breach of fiduciary duty against them under *Caremark* because such claims can only be asserted against directors, not officers. Op. Br. at 3–6. Plaintiffs did not—because they cannot—dispute this and have thus abandoned their *Caremark* claim against

Coburn and Schwartz. *See, e.g.*, *Depalma* v. *N.J. Turnpike Auth.*, No. 20-cv-03210 (FLW), 2020 WL 6689800, at *7 (D.N.J. Nov. 13, 2020) ("Where a party only defends a subset of claims in opposition to a dispositive motion, the Court will construe those claims that were not defended as abandoned.") (citation omitted); *Griglak* v. *CTX Mortg. Co., LLC*, No. 09-cv-5247, 2010 WL 1424023, at *3 (D.N.J. Apr. 18, 2010) ("The failure to respond to a substantive argument to dismiss a count, when a party otherwise files opposition, results in a waiver of that count.").

Faced with their failure to plead a *Caremark* claim, Plaintiffs' opposition improperly attempts to amend the Complaint to plead a new claim for breach of fiduciary duty against the individual defendants based on purported *affirmative* misstatements in Cognizant's 2014 and 2015 Sustainability Reports. Ans. Br. at 12, 19.; *see Com. of Pa. ex rel. Zimmerman* v. *PepsiCo, Inc.*, 836 F.2d 173 (3d Cir. 1988) (holding that it is "axiomatic that the complaint may not be amended by the briefs in opposition to a motion to dismiss") (citation omitted). Under settled Delaware law, a claim against a corporate fiduciary for affirmatively making misstatements to stockholders in public statements arises under the Delaware Supreme Court's decision in *Malone* v. *Brincat*, 722 A.2d 5 (Del. 1998). Where, as here, the alleged false statement was not used to solicit a stockholder vote, to succeed on a false statement claim under *Malone*, Plaintiffs must plead facts showing that a corporate fiduciary (i) "knowingly disseminat[ed] materially false information" and

(ii) was "deliberately misinforming shareholders." 722 A.2d at 14. Plaintiffs come nowhere close to satisfying their burden as to Coburn and Schwartz.

Most importantly, Plaintiffs' attempt at a *Malone* claim against Coburn and Schwartz fails because Plaintiffs fail to allege that Coburn and Schwartz had *any involvement* in the 2014 and 2015 Sustainability Reports on which Plaintiffs' claim is founded. Both Judge Walls and Judge Salas previously reached this very conclusion in the securities class action. *See In re Cognizant Tech. Sols. Corp. Secs. Litig.*, 2018 WL 3772675 (D.N.J. Aug. 8, 2018) ("Plaintiffs failed to allege that Defendant Coburn made any material misstatement") (Walls, J.); *In re Cognizant Tech. Sols. Corp. Secs. Litig.*, 2020 WL 3026564 (D.N.J. June 5, 2020) ("The Court agrees that Schwartz cannot be the 'maker' of statements contained in the Sustainability Reports") (Salas, J.). Accordingly, Count I does not state a claim because it fails to plead that Coburn and Schwartz made any misstatements or omissions, much less that they knowingly did so with the purpose of deliberately misinforming the Company's stockholders.

Plaintiffs' argument that Count I states a duty-of-care claim against Coburn and Schwartz because the Section 102(b)(7) exculpation provision in Cognizant's certificate of incorporation does not apply to officers fundamentally misunderstands Delaware law. Ans. Br. 28–29. Delaware law is settled that to state a claim for making misstatements under *Malone* requires factual allegations suggesting

*knowing* misconduct—recklessness or negligence does not suffice. This high standard is "even more stringent than[] the level of scienter required for common law fraud" and stems from a policy choice by the Delaware Supreme Court to "ensure that [Delaware] law was not discordant with federal standards and that [Delaware] law did not encourage a proliferation of disclosure claims." *Metro Commc'n Corp. BVI* v. *Advanced Mobilecomm Techs. Inc.*, 854 A.2d 121, 158 (Del. Ch. 2004); *Clark* v. *Davenport*, No. 2017-0839-JTL, 2019 WL 3230928, at *9 (Del. Ch. July 18, 2019) ("For a common law fraud claim, a plaintiff can show reckless indifference, but *Malone* requires knowing misconduct.") (citation omitted). Whether or not a corporate fiduciary charged with violating *Malone* is a director or officer, the Delaware Supreme Court thus requires that a plaintiff plead knowing misconduct. Plaintiffs have failed completely to meet this burden as to Coburn and Schwartz.

Moreover, Plaintiffs must also allege the elements of "[individualized] reliance, causation, and damages." *Wilkin ex rel. Orexigen Therapeutics, Inc.* v. *Narachi*, No. 12412-VCMR, 2018 WL 1100372, at *14 (Del. Ch. Feb. 28, 2018) (citations omitted). The Complaint's failure to allege individualized reliance, causation, and damages requires dismissal of this claim against the officer defendants in all events.

Finally, despite the fact that Coburn and Schwartz are differently situated from the defendants who were Cognizant directors, Plaintiffs continue to advance arguments with respect to all "defendants" without any specificity, as they did in the Complaint. But the Third Circuit has held that "group pleadings" are impermissible. *See Winer Family Trust* v. *Trust*, 503 F.3d 319, 337 (3d Cir. 2007). And, in fact, the vast majority of the arguments advanced in Plaintiffs' opposition brief are directed at Cognizant's directors, not Coburn or Schwartz. *E.g.*, Ans. Br. at 4 (referring to "[t]hese directors' disloyalty"); *id*. at 14 ("a majority of Cognizant's directors breached their fiduciary duty of loyalty"); *id*. at 33 (asserting that "the majority of Cognizant's directors" turned a blind eye to corporate wrongdoing). Indeed, in *Genworth Financial, Inc. Consolidated Derivative Litigation*, 2021 WL 4452338, at *22 (Del. Ch. Sept. 29, 2021), on which Plaintiffs rely, the Delaware Court of Chancery dismissed a plaintiffs' claims against officers where, as here, "[p]laintiffs have resorted to group pleading throughout their Complaint" and "there are no specific allegations directed against the Officers."

## II. PLAINTIFFS HAVE ABANDONED THEIR CORPORATE WASTE CLAIM AGAINST COBURN AND SCHWARTZ.

Plaintiffs all but admit that they cannot state a claim for corporate waste against Coburn and Schwartz, because only *directors*, not *officers* like Coburn and Schwartz, may be liable for corporate waste under Delaware law. *See* Op. Br. at 6 (citing cases). Indeed, although Plaintiffs never come around to expressly

acknowledging this critical distinction, they only defend their corporate waste claim against the *director* defendants in this case. *See* Ans. Br. 5 ("[T]he Complaint contains enough particularized facts to support a reasonable inference that each *director* . . . wasted corporate assets[.]") (emphasis added); *id.* at 15 ("[A] majority of Cognizant's *directors* can be held liable for . . . corporate waste[.]") (emphasis added); *id.* at 34 ("The particularized facts, taken as true, raise a reasonable inference that a majority of Cognizant's *directors* . . . wasted corporate assets[.]") (emphasis added); *id.* at 37 ("[T]he majority of Cognizant's *directors* participated in wasting the corporate assets as described above.") (emphasis added). They say nothing about their unjust enrichment claim against Coburn and Schwartz.[2]

Under these circumstances, Plaintiffs should be deemed to have abandoned their corporate waste claim against Coburn and Schwartz, *see, e.g., Depalma*, 2020 WL 6689800, at *7 (citation omitted); *see also Griglak*, 2010 WL 1424023, at *3, and that claim should thus be dismissed.

[2] Plaintiffs also ignore Coburn and Schwartz's alternative argument that the corporate waste claim would fail even if officers could be liable for corporate waste because Plaintiffs have alleged "the exact *opposite* [of corporate waste] as to Coburn and Schwartz": Corporate waste occurs "when directors 'irrationally squander or give away corporate assets,'" yet Plaintiffs claim that Coburn and Schwartz improperly *received* money. Op. Br. at 8 (quoting *In re Walt Disney Co. Derivative Litig.*, 906 A.2d 27, 74 (Del. 2006)).

## III. PLAINTIFFS HAVE ABANDONED THEIR UNJUST ENRICHMENT CLAIM AGAINST COBURN AND SCHWARTZ.

Plaintiffs treat their unjust enrichment claim against Coburn and Schwartz with similar disregard. Indeed, Plaintiffs' three paragraphs on unjust enrichment read as if Coburn and Schwartz never filed a motion to dismiss. For example, Plaintiffs never address Coburn and Schwartz's argument that "Plaintiffs allege no more than a 'formulaic recitation of' the definition of unjust enrichment under Delaware law," which dooms their claim. Op. Br. at 10 (quoting *Iqbal*, 665 U.S. at 681) (citation omitted). Instead, Plaintiffs spend two of their three paragraphs simply recycling precisely that formulaic recitation of the unjust enrichment elements without ever once disputing that such allegations are insufficient to survive a motion to dismiss. *See* Ans. Br. at 35.

Nor do Plaintiffs address any of the other reasons why their unjust enrichment claim against Coburn and Schwartz must fail: (1) Coburn and Schwartz's only alleged enrichment was their salaries, benefits, and bonuses, which cannot sustain an unjust enrichment claim under Delaware law; (2) Plaintiffs do not plead any facts indicating a causal relationship between the alleged illegal activities and the compensation; and (3) Plaintiffs do not plead any facts suggesting that there was no justification for the compensation. Op. Br. at 11–12.[3] Although Plaintiffs do seek

[3] In addition, Plaintiffs ignore the argument that, because their unjust enrichment allegations against Coburn and Schwartz are duplicative of their breach-of-fiduciary

(in one sentence) to gain mileage from "over $80.4 million in unlawful insider trading proceeds" that several defendants—including Coburn and Schwartz—allegedly "pocketed," Ans. Br. at 36, they do not dispute that they *have not* "alleged, as they [were] required to, that '*each sale* by each individual defendant was entered into and completed on' the basis of adverse material non-public information." Op. Br. at 12 n.5 (quoting *Tilden* v. *Cunningham*, No. 2017-0837-JRS, 2018 WL 5307706, at *19 (Del. Ch. Oct. 26, 2018)). This is not surprising, given that they also do not dispute that "it is a matter of public record that all sales by Coburn and Schwartz during the relevant period were made pursuant to Section 10b5-1 trading plans that guard against potential insider trading." *Id.*

In short, as with their corporate waste claim, Plaintiffs have entirely "fail[ed] to respond to [Coburn and Schwartz's] arguments that the [unjust enrichment] claim should be dismissed." *Depalma*, 2020 WL 6689800, at *7 (citation omitted); *see also Griglak*, 2010 WL 1424023, at *3. Thus, that claim too should be dismissed as to Coburn and Schwartz.

## IV. PLAINTIFFS' CLAIMS FOR CONTRIBUTION AND INDEMNIFICATION REMAIN IRRETRIEVABLY DEFECTIVE AND SHOULD BE DISMISSED.

As Coburn and Schwartz showed in their opening brief, Plaintiffs' Complaint wholly fails to state claims for contribution and indemnification based on the federal

---

allegations, the unjust enrichment claim fails for the same reasons Plaintiffs' breach of fiduciary duty claim fails. Op. Br. at 12 n.5.

securities class action (Counts IV and V). In particular, Plaintiffs do not adequately plead a federal claim for contribution (Count IV) because (i) the federal securities class action resulted in a no-fault settlement in which any claims for contribution against Coburn and Schwartz were extinguished by the PSLRA; and (ii) under Section 21D, Coburn and Schwartz could only be jointly and severally liable with Cognizant if the trier of fact first determined they knowingly violated the securities laws—and no such determination was ever made. Op. Br. at 13–15. Plaintiffs' attempt to rely on Delaware common law (Count V) likewise fails because (i) there was no "common liability" between the Company, on the one hand, and Coburn and Schwartz, on the other, under the terms of the settlement agreement, and (ii) Plaintiffs' Complaint did not allege that Cognizant paid more than its pro rata share of the settlement. Op. Br. at 17.

Plaintiffs do not dispute any of this. Instead, Plaintiffs assert in conclusory fashion that Coburn and Schwartz "share myriad liabilities to the same persons due to the India bribery scheme" and the facts as alleged "are enough to support a reasonable inference that [] defendants can be held liable to Cognizant for contribution[.]" Ans. Br. at 38. But Plaintiffs wholly fail to point to any judgment or other final decision showing that Coburn and Schwarz bear a common liability to any plaintiff along with Cognizant.

Without citing any supporting authority, Plaintiffs also argue that the securities class action settlement "is not a complete litigation bar" because "there is no evidence that the Company's insurance covered 100% of the costs." Ans. Br. at 39. According to Plaintiffs, Coburn and Schwartz are thus purportedly liable for any settlement amount for which Cognizant was not reimbursed by insurance. *Id.* Plaintiffs' argument is a complete non sequitur and, in fact, concedes their failure to satisfy their pleading burden. Whether or not Cognizant was reimbursed, Plaintiffs overlook that the Complaint wholly lacks allegations that Cognizant paid more than its pro rata share of the settlement amount or that Coburn and Schwartz were responsible for paying it.

Finally, Plaintiffs assert in their opposition that Coburn and Schwartz are liable for contribution and indemnification under Delaware law for "investigative costs, expenses and fees proximately caused by the India bribery scheme" that Cognizant paid. Ans. Br. at 39. As an initial matter, this is another improper attempt at amending their Complaint through their opposition. Counts IV and V of the Complaint are expressly grounded on the allegation that Cognizant is entitled to contribution or indemnification "in connection with all such claims that have been, are, or may be asserted against Cognizant in the Securities Action." Compl. ¶¶ 111, 116. In any event, the Complaint fails to allege that Coburn and Schwartz have been

adjudged jointly liable with Cognizant for any such costs, expenses, or fees and that Cognizant paid more than its pro rata share.

**CONCLUSION**

For all of the foregoing reasons, as well as for the reasons set forth in Coburn and Schwartz's opening brief and Cognizant's memoranda of law in support of its motion to dismiss, the First Amended Consolidated Verified Shareholder Derivative Complaint should be dismissed in its entirety as against Coburn and Schwartz.

Dated: May 16, 2022

Respectfully submitted

*/s/ James Holsey Keale*

**TANENBAUM KEALE LLP**
James Holsey Keale
Three Gateway Center, Suite 1301
100 Mulberry Street
Newark, NJ 07102
Tel: (973) 242-0002
Fax: (973) 242-8099
jkeale@tktrial.com

*Liaison Counsel for Defendant Gordon J. Coburn*

**JONES DAY**
Robert C. Micheletto (*pro hac vice*)
Nina Yadava (*pro hac vice*)
Sarah D. Efronson (*pro hac vice*)
250 Vesey Street
New York, NY 10281
Tel: (212) 326-3939
Fax: (212) 755-7306
rmicheletto@jonesday.com
nyadava@jonesday.com
sefronson@jonesday.com

*Counsel for Defendant Gordon J. Coburn*

*/s/ Alison R. Benedon*

**PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP**
Theodore V. Wells, Jr.
Andrew J. Ehrlich (*pro hac vice*)
Alison R. Benedon
1285 Avenue of the Americas
New York, NY 10019
Tel: (212) 373-3166
twells@paulweiss.com
aehrlich@paulweiss.com
abenedon@paulweiss.com

Matthew Stachel (*pro hac vice*)
500 Delaware Avenue
Wilmington, DE 19801
(302) 655-4410
*Counsel for Defendant Steven E. Schwartz*